NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANNET SOSA-MERCADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3416

Agency No.
A077-790-764

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2025**
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District
Judge.***

Jannet Sosa-Mercado, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") decision to sustain the government's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the
Eastern District of Texas, sitting by designation.

appeal of an Immigration Judge's ("IJ") order granting her cancellation of removal under 8 U.S.C. § 1229b(a). Because we lack jurisdiction to review the discretionary part of a decision on cancellation of removal, we dismiss the petition.

Cancellation of removal is a discretionary form of relief, which allows the government to "cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien" meets specific criteria. 8 U.S.C. § 1229b(a). We lack jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i). Notwithstanding this general jurisdictional bar, we may review the BIA's decision for "questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D); *see Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012).

Sosa-Mercado argues we have jurisdiction over her challenge because the BIA engaged in "impermissible fact finding" in reversing the IJ's discretionary decision to grant her cancellation of removal. Sosa-Mercado argues that the BIA failed to properly apply the de novo review standard to the IJ's discretionary determination and the clear error review standard to the IJ's factual findings, which are questions of law.

We disagree. As an example, Sosa-Mercado claims that BIA engaged in fact-finding when it concluded that she only had three positive equities weigh in in her favor when the IJ found six factors in her favor. She claims that the BIA ignored the

2

IJ's findings of her sobriety since 2017, her concern for her children, and her interest in becoming a drug counselor when she gets out of immigration custody. But the BIA expressly cited all of these facts in its decision and credited her "acceptance of responsibility" and "continued efforts and desire to remain sober." Instead, the BIA found that her undisputed criminal history "outweigh[s]" any positive equities. How the BIA weighs the equities is not a "question of law," and we lack jurisdiction to review it. *See* § 1252(a)(2)(B)(i); *Wilkinson v. Garland*, 601 U.S. 209, 225 n.4 (2024) ("[The] step-two discretionary determination on whether or not to *grant* cancellation of removal in the particular case is not reviewable as a question of law.").

**PETITION DISMISSED.**